IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERPLAN ARCHITECT, INC., § § **Plaintiff,** § § v. § § C.L. THOMAS, INC., MORRIS AND § ASSOCIATES, ENGINEERS, INC., and § HERMES ARCHITECTS, § **Defendants.** | Civil Action No. 4:08–cv–03181 |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Interplan Architects, Inc.'s Motion to Compel Defendant C.L. Thomas, Inc. ("Thomas") to provide documents requested in Plaintiff's First Set of Requests for Production of Documents. (Doc. No. 33.) After considering the parties' filings, oral arguments of counsel, and the applicable law, this Court finds and holds that Plaintiff's Motion should be granted.

Plaintiff argues that production of documents responsive to its request is necessary for its experts to devise a damages model. Specifically, it contends that 17 U.S.C. § 504(b) entitles it to information concerning revenues from, and customer satisfaction at, all Speedy Stop Food Stores which allegedly infringe upon Plaintiff's copyrighted architectural documents.

Thomas avers that information about revenues derived from the operation *of the* allegedly infringing stores is irrelevant to Plaintiff's allegations of copyright infringement, which concern only the designs of the buildings themselves. Thomas cites to cases which establish that, under Section 504(b), copyright plaintiffs bear the burden of showing a causal link between the defendants' infringing acts and their revenues. *See Harper & Row Publishers, Inc., v. Nation*

1

*Enters.*, 471 U.S. 539, 567 (1985); *Bonner v. Dawson*, 404 F.3d 290, 294 (4th Cir. 2005); *Straus v. DVC Worldwide, Inc.*, 484 F.Supp.2d 620, 632 (S.D. Tex. 2007). Thomas maintains that Plaintiff is unlikely to meet that burden in this case.

Thomas's arguments primarily address the evidentiary showing that Plaintiff must make for judgment under the Federal Copyright Act rather than the more permissive standard for obtaining discovery under the Federal Rules of Civil Procedure, a point that Thomas concedes. The Court does acknowledge Thomas's concern that Plaintiff is involved in the operation of convenience stores similar to the stores from which Plaintiff seeks sensitive financial information. The Court is confident that, given this fact, the parties can reach an agreement as to appropriate limitations on the availability of the documents, such as allowing only experts or attorneys to examine them.

Accordingly, the Court **GRANTS** Plaintiff's motion, and **ORDERS** Defendant Thomas to produce, within (10) business days, documents responsive to Plaintiff's Request for Production Nos. 2-3.

IT IS SO ORDERED.
SIGNED this 8th day of September, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

To Insure Proper Notice, Each Party Who Receives This
Order Shall Forward a Copy of It to Every Other Party

**AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**