UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INTERPLAN ARCHITECTS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:08–cv–03181 |
| C.L. THOMAS, INC., MORRIS AND ASSOCIATES, ENGINEERS, INC., and HERMES ARCHITECTS, | § § § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Motion to Compel of Plaintiff Interplan Architects, Inc. ("Interplan") (Doc. No. 79), and the Motion to Compel and Supplemental Motion to Compel of Defendant Morris and Associates, Engineers, Inc. ("Morris") (Doc. Nos. 83 and 89).

**I.   INTERPLAN'S MOTION TO COMPEL**

After considering the parties' filings, oral arguments of counsel, and the applicable law, the Court holds the following:

**A.   Requests as to all Defendants**

**1.   Interrogatory Nos. 1-4**

The level of detail sought in Interplan's Interrogatories 1-4 is inappropriate as written. Instead, Defendants are required to respond to Interplan's Interrogatories by identifying the names and relevant contact information of each and every entity to whom it knowingly provided and from whom it knowingly received copies of the relevant architectural documents, including, but not limited to, contractors, subcontractors, and

1

any other private or public entities. Defendants should provide the Store Numbers associated with the documents sent to or received from each of these entities. Details as to the precise dates on which these copies were turned over, and the precise number of copies made, should be provided only where this information is already known or readily ascertainable. Each Defendant will also provide information as to how these architectural documents were generally used, and, where applicable, if and when they were modified and the purpose of the modification.

### 2.     Interrogatory No. 8

In response to Interplan's Interrogatory Number 8, Defendants are ordered to identify the primary documents on which they rely to support the identified affirmative defenses. It will be understood that the documents identified will not be an exhaustive list, but should provide Interplan with notice of the factual basis for these affirmative defenses. Interplan may then conduct a more thorough review of the discovery documents to gather evidence for its dispositive motions. If it comes to this Court's attention that Defendants have not, in good faith, provided Interplan with the primary documents that demonstrate the basis for their defenses, the Court will entertain possible remedial measures.

### 3.     Interrogatory No. 10

Interplan's Motion to Compel is denied as to this request. To ascertain the information relevant to 17 U.S.C. Section 504(b), Interplan may rely on the summaries provided through Defendants' various expert reports and other demonstrative charts. If Interplan wishes to inspect all the underlying documents used to generate these reports,

each Defendant must make these documents available at its offices for Interplan's inspection and limited duplication.

### B. Requests as to Only C.L. Thomas

#### 1. Interrogatory No. 9

Interplan has not sufficiently demonstrated how the information sought in Interrogatory Number 9 is relevant to its damages model, or how such a figure could be accurately derived. Interplan's Motion to Compel a response to this request is accordingly denied. However, because C.L. Thomas has represented to this Court that it does not possess the information sought by this Interrogatory, it likewise may not rely on the market value of the Speedy Stop Stores in its damages calculations or expert reports.

#### 2. Format of C.L. Thomas's Financial Documents

As to the documents that Interplan seeks from C.L. Thomas pursuant to this Court's order on a previous motion to compel, this Court orders C.L. Thomas to attempt to convert a representative sample of its financial documents into a more readily useable format such as Microsoft Excel. If C.L. Thomas determines that this process is relatively un-burdensome and that the data are in no way modified by the conversion, it will provide Interplan with all of its documents in this usable format. If, instead, C.L. Thomas determines that accurate conversion is not possible or overly burdensome, it will file a declaration with this Court stating what steps it took to attempt the conversion and why these efforts produced inaccurate results or were overly burdensome.

#### 3. Remaining Construction Documents

C.L. Thomas will deliver the construction set of drawings for Speedy Stop Store Nos. 102, 302, and 303 to Interplan or Interplan's counsel either by hand delivery or through certified mail.

## II.  MORRIS'S MOTIONS TO COMPEL

After considering the parties' filings, oral arguments of counsel, and the applicable law, the Court holds the following:

### A.  Interplan Emails

With regard to the email that Morris seeks from Interplan, Interplan will make a good faith attempt to contact Yahoo! and inquire as to whether the electronic versions of the emails sought by Morris are recoverable. If these emails are recoverable in electronic format, they should be turned over to Morris. If they are not recoverable, Interplan will submit a declaration to the Court identifying the steps it took in attempting to recover these emails, and the corresponding results.

### B.  Interrogatory Nos. 20-22

In response to Morris's Interrogatory Nos. 20-22, Interplan will identify, to the extent it has such knowledge, the names and relevant contact information of each and every non-party to this litigation whose drawings/designs it knowingly incorporated into its architectural designs for the Speedy Stop Stores at issue, along with a summary of the contributions made by these non-parties to the designs in question. Details as to dates or numbers of copies are not necessary. If Interplan knows that such a party contributed to its design but is unaware of the identity of that party because the drawing/design was provided to it by C.L. Thomas, Interplan will note this fact in its response.

### C.  Mr. Meijer's Personal Income Tax Returns

Morris has not sufficiently demonstrated the relevance of Mr. Meijer's personal tax returns. Accordingly, its Motion to Compel the production of this information is denied.

## IV.   CONCLUSION

Plaintiff Interplan's Motion to Compel (Doc. No. 79) is hereby **GRANTED IN PART** and **DENIED IN PART**. Defendant Morris's Motion to Compel (Doc. No. 83) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Morris's Supplemental Motion to Compel (Doc. No. 89) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this 25th day of February, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE